13211

JONES ET AL. v. STATE BOARD OF FISHERIES ET AL.

(159 S. E., 651)

310

*Mr. W. Brantley Harvey,* for State Board of Fisheries, appellant,

*Mr. George W. Beckett,* for appellant, W. H. Cory,

*Messrs. Thomas & Thomas* and *Randolph Murdaugh,* for respondent.

July 28, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE.

In March, 1930, the above-named W. H. Cory applied to the state board of fisheries for a lease of certain oyster planting grounds in Beaufort County pursuant to the provisions of the Coastal Fisheries Act of 1924 (Volume 33, p. 1016), as amended by the Act of 1928 (Volume 35, p. 1223).

By the 1928 statute, the state board of fisheries was vested with "full jurisdiction and complete control of all oyster and

clam beds *owned* by the State of South Carolina." Under the 1924 Act, jurisdiction was declared to exist over all waters and bottoms, etc., "not *heretofore conveyed by grant from the Legislature or lawful compact with the State.*" (Emphasis ours.)

The board was expressly authorized and directed to lease these bottoms and beds for the purpose of their cultivation and development; but no lease can be granted, under these Acts, until compliance with the procedure therein set out. Without going into detail, it is sufficient to state that there must be an application to the board for a lease, a public advertisement for three weeks of the application with a description of the property affected, coupled with a notice of the day on which the board will pass upon objections to the granting of the lease.

With respect to the disposition of objections, the 1924 statute provides: "Should any person appear in person or by attorney or by filing objections in writing on or before such date and object to the granting of the whole or any portion of the bottoms applied for upon any lawful or sufficient ground, then the Board may proceed to a hearing thereof as in a case at law under the regular rules of evidence and their decision shall be subject to appeal as in a Magistrate's Court." Section 38.

In the instant case, the application of Cory for a lease of the bottoms in question was duly advertised. On the day fixed by the board for hearing objections thereto, respondents appeared and entered objection to the granting of the lease upon a claim of title in themselves to the bottoms sought to be leased by the board to Cory. This objection was resisted by Cory upon the ground "that the only objections permissible were those arising under the Fisheries Act which did not include the question of title to the bottoms." The board declined to consider the objections of title presented, and by resolution authorized the lease to be entered into with Cory.

On appeal to the Circuit Court, as authorized by the Act, the board made return, setting forth, *inter alia:* "That upon the hearing of said application, the Board of Fisheries held that they were not vested with authority to try title to real estate and that being the sole objection of the appellants to the granting of the lease, they refused to hear testimony offered by the appellants to prove their claim of title, and, all other provisions of law having been complied with, they granted the lease to the said W. H. Cory."

His Honor, Judge Johnson, on appeal, construing the above-quoted provision of the Act, said:

"It is clear to the Court that under this Act, the State Board of Fisheries, upon objections being filed with it to the leasing of any bottoms applied for shall have the jurisdiction and right to hear and determine any lawful or sufficient ground of objection, which might be offered by the person or persons objecting to the granting of the petition, as in a case at law under the regular rules of evidence. This Act does not in anywise limit the jurisdiction of the Board of Fisheries in determining these objections, and the reference to the Magistrate's Court merely specifies and provides for the form of procedure which shall be taken by the person desiring to appeal from the decision of the State Board of Fisheries.

"It is apparent, therefore, that when the State Board of Fisheries refused to give the appellants a hearing when they duly filed their objection, and refused to take any testimony offered by the appellants, the Board of Fisheries was in error."

He, thereupon, ordered the matter returned to the state board of fisheries, with directions to "proceed to hear and pass upon the objections of the appellants to the application of W. H. Cory for the leasing of the lands described in his application in accordance with the provisions of Section 38 of Act No. 623 of the Acts of 1924."

The matter is now before this Court for a review of this order. The single question presented is that of procedure.

, To effectuate their purpose, these statutes *in extenso* have outlined the powers of the board, the class of persons with whom leases may be made, the number of acres that may be leased to any one person or corporation, the terms thereof, certain preferences to be allowed named classes of applicants, and other details of procedure and operation therein fully set out.

It is our opinion that the intention of the General Assembly, derived from a study of the whole of the 1924 Act and kindred prior legislation, was to confer upon the board of fisheries the limited power of hearing and determining objections arising under these Acts with reference to their enforcement. The question of its jurisdiction based on title to the bottoms affected is a legal one to be determined by the Courts and not by the board.

The procedure followed in the case of *Cape Romain Land & Improvement Co. v. Georgia-Carolina Canning Co. et al.*, 148 S. C., 428, 146 S. E., 434, seems to us to be the proper one. There a lease was granted by the board to the defendant in that cause, and the above suit for injunction against trespass and damages was instituted by plaintiff therein against defendants upon a claim of title in itself in consequence of which the lease granted by the board to defendants therein was attacked as invalid.

This construction gives full effect to the provisions of these statutes and at the same time protects the true legal owner of the bottoms or beds affected by a lease in whatever claims or rights he may have based on a claim of title in himself as against the state and the lease holder. His constitutional right of trial by jury in an action to try title is thus preserved. Any other construction of the Act in this respect would, to our mind, render it unconstitutional.

The judgment of this Court, therefore, is that the order appealed from be reversed, and it is so ordered.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.